959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Jude SCHUMAKER, a Sole Proprietorship doing business as
Schumaker Brothers Operating Engineers, Respondent.
 No. 91-5196.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1992.
 
 Before BOYCE F. MARTIN, Jr., Circuit Judge, and LIVELY and BAILEY BROWN, Senior Circuit Judges.
 
 ORDER
 
 1
 The National Labor Relations Board (the "Board") issued a decision and order on February 19, 1985 granting summary judgment and finding the respondent violated federal labor law by unilaterally discontinuing payments to certain union benefit funds, failing to submit fund contribution reports, and refusing the union's requests to audit payroll records. The Board applied to this court for summary enforcement of that decision and order. The respondent did not file a response or otherwise appear to contest such enforcement and this court entered judgment granting summary enforcement on June 21, 1985.
 
 
 2
 The Board now applies to the court for the summary enforcement of its supplemental decision and order of November 30, 1990 setting forth the amount of contributions the respondent is required to make to four separate union benefit funds. The respondent has filed pro se responses to the application. He asserts he never entered into a binding collective bargaining agreement with the union and does not owe monies to the funds in question. He also seeks a remand of this matter to the Board so he may present evidence and arguments to support the above assertion. The Board argues the respondent cannot make such an assertion in these proceedings because he failed to raise it during the original proceedings before the Board and this court in 1985.
 
 
 3
 Upon review of the Board's application and the responses and replies thereto, we conclude the respondent cannot now attack the existence of a collective bargaining agreement. Although he asserts the Board has ignored his protestations that the collective bargaining agreement had not been signed, that was an issue that should have been presented to the Board and this court prior to our judgment in 1985. The respondent did not contest enforcement then and he may not collaterally raise this issue as part of the present proceeding.
 
 
 4
 It therefore is ORDERED that the respondent's motion to remand this matter to the Board is denied.
 
 
 5
 The respondent having presented no arguments calling into question the amount of contributions owed the union benefit funds, it is ORDERED further that the Board's application for summary enforcement of its supplemental decision and order of November 30, 1990 is granted.
 
 
 6
 It therefore is ORDERED and ADJUDGED by the court that the respondent, Jude Schumaker, a Sole Proprietorship d/b/a Schumaker Brothers Operating Engineers, of Monroe, Michigan, his agents, successors, and assigns, shall make whole the affected unit employees by payment to the pension plan and other benefit funds listed below the following amounts, plus any additional amounts ( see Merryweather Optical Co., 240 NLRB 1213 (1979)):
 
 
 7
 Health and Welfare $913.50
 Pension 593.77
 Vacation 867.82
 Training Fund 36.54